SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**KATE A. ROCHAT, OSB #184324**
Kate.Rochat@usdoj.gov
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:25-cr-00055-IM** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **WALTER ALBERT SEBASTE,** | |
| **Defendant.** | |

**Introduction**

Defendant Walter Albert Sebaste collected thousands of images and videos of children being sexually abused. These images included depictions of prepubescent minors, infants, and depictions of adults performing sadomasochistic acts on children.

Defendant will be before the Court for sentencing after pleading guilty to one count of Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). The government recommends a 51-month custodial sentence to be followed by maximum term of supervised release.  This recommended sentence is sufficient but not greater than necessary under 18 U.S.C. § 3553(a) to accomplish the goals of sentencing.  It fairly balances the nature, circumstances, and

**Government's Sentencing Memorandum** **Page 1**

seriousness of the offense with defendant's history and characteristics and the need to protect the public, provide deterrence, and promote respect for the law.

**Factual Background**

**A.    The Offense Conduct**

In June of 2024, law enforcement began investigating an unknown individual that had, on approximately 13 occasions since May 2024, attempted to access a website dedicated to advertisement, distribution, and trafficking of child sexual exploitative material (CSAM). (PSR ¶¶ 16, 17). Investigators were able to identify that the user's IP address was coming from the defendant's residence. *(Id)*.

In September of 2024, law enforcement agents executed a search warrant at the defendant's residence and vehicle. They seized the following electronic devices: two computer towers, two hard drives, an SSD card, six laptops, three tablets, six cell phones, and 51 thumb drives. (PSR ¶ 22). Upon reviewing the devices, law enforcement agents discovered thousands of images and videos that constitute child pornography. (PSR ¶¶ 24-28). These depictions included images of adult men orally and vaginally penetrating prepubescent children with their penises, nude prepubescent children bound by rope, infants, and animals performing sexual acts on prepubescent children. *Id.*

During the course of their investigation, law enforcement discovered that the defendant had been volunteering at the Dougy Center for several years, and had recently been employed as a children's Grief Counselor. (PSR ¶ 23). As a grief counselor, the defendant led groups of children in grief counseling sessions. *Id.*

/ / /

/ / /

**Government's Sentencing Memorandum**                                              **Page 2**

**B.    The Charges**

Defendant was charged by indictment with one count of Possession of Child Pornography in violation of in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 18 U.S.C. § 2252A(b)(2). On April 30, 2026, the defendant pled guilty to the single-count Indictment pursuant to the below mentioned plea agreement.

**C.    The Plea Agreement & Guideline Computations**

The parties agree to the following guidelines computations:

| | |
|---|---|
| Base offense level (USSG §2G2.2(a)(1)) | 18 |
| Material depicting a prepubescent minor (USSG §2G2.2(b)(2)) | +2 |
| Depictions of sadistic/masochistic conduct/infant or toddler (USSG §2G2.2(b)(4)) | +4 |
| Use of a computer (USSG §2G2.2(b)(6)) | +2 |
| 600 or more images (USSG §2G2.2(b)(7)) | +5 |
| Adjusted Offense Level | 31 |
| Acceptance of responsibility (USSG §3E1.1) | -3 |
| Total Offense Level | 28 |

Pursuant to the plea agreement, the government recommends that defendant receive a four-level variance to reflect the defendant's early resolution and characteristics of the defendant. The parties jointly recommend that the Defendant receive a sentence that is low-end of the resulting adjusted range.

**Government's Sentencing Memorandum**                                      **Page 3**

**Argument**

**A. Analysis[1]**

The guidelines provide the starting point and initial benchmark for sentencing that "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *United States v. Rita*, 551 U.S. 338, 350 (2007); *see also Peugh v. United States*, 133 S. Ct. 2072, 2080 (2013); *Gall v. United States*, 552 U.S. 38, 49 (2007).

Once the Court correctly computes the guidelines, it may vary from the advisory range if justified under the factors set out in 18 U.S.C. § 3553(a), including the defendant's history and characteristics, the nature and seriousness of the offense, the need to provide just punishment and adequate deterrence, the need to promote respect for the law, and the need to protect the public from further crimes committed by the defendant. 18 U.S.C. §§ 3553(a)(1)-(2); *see also United States v. Carty*, 520 F.3d 984 (9th Cir. 2008) (en banc) (reciting sentencing procedure). Other factors include "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6), and, where applicable, the need to provide restitution to any victims of the offense. 18 U.S.C. §3553(a)(7). *See also Rita*, 551 U.S. at 347-48 (enumerating the statutory sentencing factors); *Gall*, 552 U.S. at 50, n.6 (same).

Child exploitation offenses are extremely serious crimes that "result in perpetual harm to victims and validate and normalize the sexual exploitation of children." *Report to the Congress: Federal Child Pornography Offenses*, United States Sentencing Commission (December 2012), at vi. Child victims must live with the fact that the horrific abuse they suffered was permanently

---

[1] The discussion in this section is meant to support the United States' request for a sentence of 51 months' imprisonment and a maximum term of supervised release.

**Government's Sentencing Memorandum**                              **Page 4**

preserved and the images and videos of the abuse will haunt them forever. *See New York v. Ferber*, 458 U.S. 747, 759 (1982) (explaining that "the materials produced [in child pornography] are a permanent record of the children's participation and the harm to the child is exacerbated by their circulation"); *see also United States v. Blinkinsop*, 606 F.3d 1110, 1117-18 (9th Cir. 2010) ("photographs and films showing juveniles engaged in sexual activity . . . is a permanent record of the children's participation and the harm to the child is exacerbated by their circulation.") (citation and internal quotation marks omitted); *United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008) ("possessing child pornography is not a victimless crime; it fuels the demand for the creation and distribution of child pornography," and evidence shows "the harm that children suffer when they are used in the creation of child pornography and when that pornography is distributed to others").

Defendant, a children's grief counselor by day, collected thousands of sexually explicit images and videos of minor victims being raped, abused, and exploited on his personal digital devices. During the brief time period when law enforcement was tracking his IP address, he attempted to access a website dedicated to the exploitation of children on more than a dozen occasions. His actions directly contributed to the demand for this sexually explicit content, fueling further victimization of vulnerable children. The knowledge that adult men like defendant are seeking out, and have access to, sexually explicit images and videos of the minor victims as children will follow these victims and their families throughout their lives.

The government acknowledges that the defendant has no minimal criminal history and has accepted early responsibility for his behavior. He has performed well while on pretrial release from custody. Defendant's damaging and criminal conduct, balanced against these factors, warrants a 51-month sentence. The damage to vulnerable victims that his actions have

**Government's Sentencing Memorandum**                                    **Page 5**

caused and the size and content of his collection warrant a maximum term of supervised release. Such a sentence is sufficient, but not greater than necessary, to address the § 3553(a) sentencing factors. It accounts for the very serious nature of the offense, as well as defendant's history and characteristics. It provides just punishment, promotes respect for the law, acts as a significant deterrent, and most importantly, protects the public.

### B.    Victim Impact and Restitution

Restitution is mandatory in child pornography cases for "the full amount of the victim's losses as determined by the court," and shall be imposed "in addition to any other civil or criminal penalty authorized by law." 18 U.S.C. §§ 2259(a), (b)(1), (b)(4). The term "victim" includes both "the individual harmed as a result of a commission of a [child pornography] crime," and, if the victim is under 18, "the legal guardian of the victim" or "another family member." 18 U.S.C. § 2559(c). Under § 2259(b)(2)(B), each victim that makes a restitution request must receive *at least* $3,000 in restitution.

The government bears the burden of proving losses for restitution by a preponderance of the evidence. *United States v. Waknine*, 543 F.3d 546, 556 (9th Cir. 2008). Mathematical precision is not required because the assessment necessarily "involves the use of discretion and sound judgment." *Paroline v. United States*, 134 S. Ct. 1710, 1727 (2014). *See also United States v. Doe*, 488 F.3d 1154, 1158-59 (9th Cir. 2007) (courts addressing restitution orders under § 2259 "have not imposed a requirement of causation approaching mathematical precision"). Nonetheless, the defendant's criminal conduct must be the proximate cause of the victim's losses. *Paroline*, 134 S. Ct. at 1722. A restitution award must be "adequately supported by evidence in the record," and the court must set forth its reasons when resolving disputes

**Government's Sentencing Memorandum**                                                    **Page 6**

regarding the amount of restitution. *United States v. Tsosie*, 639 F.3d 1213, 1222 (9th Cir. 2011).

The government has received victim impact statements and restitution requests from several identified victims. The victim impact statements will be provided to the court prior to the time and date of sentencing. Pursuant to 18 U.S.C. §§ 2259(b)(2) and 3664(d)(5), the government suggests setting a restitution hearing within 90 days of the sentencing hearing to allow identified victims, the government, and defense counsel to reach resolutions wherever possible.

**Conclusion**

The Court should sentence defendant to: (1) a term of imprisonment of 51 months, (2) a maximum period of supervised release, and (3) a $100 special assessment. The Court should also set a restitution hearing for 90 days from the date of sentencing to allow additional time for the parties to resolve restitution requests.

Dated: July 24, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ Kate A. Rochat*
KATE A. ROCHAT, OSB #184324
Assistant United States Attorney

**Government's Sentencing Memorandum**                                      **Page 7**